UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RALSTON CLARKE

            Plaintiff,

    -against-

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS INC.,
EQUIFAX CREDIT INFORMATION
SERVICES LLC, HSBC BANK, N.A.,
BANK OF AMERICA, LVNV FUNDING,
LLC, MIDLAND FUNDING, LLC, SEARS
aka CITIBANK CBNA, SHELL aka CBNA,
and VERIZON WIRELESS,

            Defendants.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/3/14
```

No. 13-cv-2991 (CM)

## MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

McMahon, J.:

    Plaintiff Ralston Clarke ("Clarke"), brings this action against Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions Inc. ("Experian"), Equifax Credit Information Services LLC ("Equifax"), HSBC Bank, N.A. ("HSBC"), Bank of America ("BOA"),[1] LVNV Funding, LLC ("LVNV"), Midland Funding, LLC ("Midland"), Sears aka Citibank CBNA ("Sears"), Shell aka CBNA ("Shell"), and Verizon Wireless ("Verizon," and together with Trans Union, Experian, Equifax, HSBC, BOA, LVNV, Midland, Sears and Shell, the "Defendants"). Clarkes seeks declaratory and injunctive relief, and actual, statutory and

---

[1] Clarke and Bank of America agreed to a settlement in this case. Pursuant to an order dated September 25, 2013, Bank of America is no longer a party to this action. *See Clarke v. Trans Union, LLC et al.*, No. 13-CV-2991 (S.D.N.Y. 2013), ECF Nos. 34, 40.

1

punitive damages, as well as attorney's fees, pursuant to the Fair Credit Reporting Act, 15 U.SC. § 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. L. §§ 380 ("NYFCRA"). Clarke also seeks actual and punitive damages for defamation, and negligent and intentional infliction of emotional distress.

Currently before the Court is Defendant LVNV's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c). For the following reasons, LVNV's motion is granted in part and denied in part.

## BACKGROUND

For the purposes of this motion, I am setting forth Clarke's version of events, which at this point I presume to be true.

Clarke's name closely resembles his son's. Compl. ¶ 2. However, Clarke and his son have two separate and distinct credit histories. *See id.* ¶ 2-3. Accordingly, when Clarke discovered that his credit report contained inaccurate information, he suspected that his credit files were mixed with those of his son's. *Id.* ¶ 3.

The inaccurate information contained on Clarke's credit report caused his credit score to suffer. Clarke has since felt the (unsurprising) consequences of a low credit score: he cannot obtain credit, he cannot obtain loans or make investments to increase his wealth, and his reputation has been tarnished. *Id.* ¶ 4.

Clarke notified the Defendants about the inaccurate information contained in his credit report on several occasions, but no corrections were made. *Id.* ¶ 6. Clarke alleges that the Defendants "failed to follow reasonable procedures to assure maximum possible accuracy when furnishing credit reports purportedly concerning [Clarke]," and "repeatedly issu[ed] credit reports to various third parties, purportedly pertaining to [Clarke], which contained an erroneous

2

tradeline entry which did not legitimately belong to [Clarke], despite having received actual notices, on repeated occasions, that such entry was not his or was otherwise inaccurate." *Id.* ¶¶ 7-8.

On May 3, 2013, Clarke filed a ten-count Complaint against the Defendants. In this opinion, however, I address only those claims asserted against LVNV, as LVNV is the only moving party.

LVNV is a debt collection agency, authorized to do business in New York as a foreign corporation. *Id.* ¶ 59. It engages in the business of debt collection, and reports consumer credit information to credit reporting agencies. *Id.* According to Clarke, in the section of his Complaint titled "Facts Relating to LVNV, LLC," LVNV "reported inaccurate information about [Clarke] of a purported debt of about $3,054 after it had been notified of mixed files and attempted to collect the false and non-existent debt."[2] *Id.* ¶ 41.

Clarke alleges that LVNV violated certain provisions of the FCRA (Count One and Two) and the FDCPA (Count Seven). He also asserts claims against LVNV for defamation (Count Eight), and intentional and negligent infliction of emotional distress (Count Nine). Finally, he seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 (Count Ten).

LVNV moved to dismiss Clarke's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 12(c) for judgment on the pleadings.

---

[2] LVNV contends that the allegation in this section of the Complaint is Clarke's "sole allegation against LVNV." Def.'s Mem. at 1. Throughout the Complaint, Clarke attributes certain facts to all of the "Defendants." It is far from clear that the term "Defendants" is always intended to include LVNV, for instance Clarke alleges that "the defendants are 'consumer reporting agenc[ies]' (Compl. ¶ 22), which, as this decision will discuss, is not a characterization this court believes Clarke intended to impute upon LVNV, since LVNV is often characterized, in other parts of the complaint, as a "furnisher-subscriber," not a consumer reporting agency (*see* Compl. ¶¶ 68, 69).

3

## STANDARD OF REVIEW

"The standard for evaluating a motion to dismiss pursuant to Rule 12(c) is the same as that under Rule 12(b)(6)." *Scaglione v. Chappaqua Cent. Sch. Dist.*, 209 F. Supp. 2d 311, 312 (S.D.N.Y. 2002); *see Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998). In evaluating a motion to dismiss pursuant to Rule 12(b)(6) (and hence Rule 12(c)), the Court must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003); *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).

However, to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter...to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations, and alterations omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *see also Iqbal*, 556 U.S. at 680.

DISCUSSION

I.      **Clarke stated cognizable FCRA claims against LVNV.**

In Counts One and Two, Clarke asserts claims against LVNV under FCRA § 1681s-2(b). Compl. ¶¶ 68, 72. LVNV's motion to dismiss Clarke's FCRA claims is denied.

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit…in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681b. The FCRA "places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Redhead v. Winston & Winston, P.C.*, No. 01-CV-11475, 2002 WL 31106934, at *3 (S.D.N.Y. Sep. 20, 2002); *see* 15 U.S.C. § 1681 *et seq.*

Clarke alleges in his complaint that LVNV is a "furnisher of information" under the FCRA. Compl. ¶ 17. LVNV does not dispute this. Def.'s Mem. at 4. Thus, LVNV must comply with those duties imposed upon "furnishers of information" by the FCRA. *See Redhead*, 2002 WL 31106934, at *3.

The FCRA "imposes two duties on furnishers of information, codified at 15 U.S.C. §§ 1681s-2(a) and (b)," *Redhead*, 2002 WL 31106934, at *4, which relate to the duty to report information correctly. Section 1681s-2(a) provides, in relevant part:

> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate….
>
> A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer…that specific information is inaccurate; and (ii) the information is, in fact, inaccurate….
>
> A person who…has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any

5

> corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

15 U.S.C. § 1681s-2(a); *see Redhead*, 2002 WL 31106934, at *4.

"The category of duties in subsection (b) relates to a furnisher's duties once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Redhead*, 2002 WL 31106934, at *4. Subsection (b) states:

> After receiving notice [from a credit reporting agency] pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; and
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
> > **(i)** modify that item of information;
> > **(ii)** delete that item of information; or
> > **(iii)** permanently block the reporting of that item of information.

*Id.*; 15 U.S.C. § 1681s-2(b)(1).

LVNV argues that Clarke's FCRA claims must be dismissed because Clarke has no private right of action under the statute. Def.'s Mem. at 4. LVNV's argument is without merit.

6

"There is no private right of action under Section 1681s-2(a)" because "FCRA limits the enforcement of this subsection to government agencies and officials." *Redhead*, 2002 WL 31106934, at *4. However, a private right of action does exist under Section 1681s-2(b). Therefore, consumers may pursue claims for willful or negligent noncompliance with this section. *See Redhead*, 2002 WL 31106934, at *5; *O'Diah v. N.Y.C.*, No. 02-CV-274, 2002 WL 1941179, at *13 (S.D.N.Y. Aug. 21, 2002); *see also Marcinski v. RBS Citizens Bank, N.A.*, No. 13-CV-06022, 2014 WL 1757411, at *4 (S.D.N.Y. May 2, 2014).

Any claims brought under subsection (a) would obviously have to be dismissed. However, Clarke sues under subsection (b), alleging that LVNV failed to correct erroneous information after receiving notice from both Clarke himself and the defendant credit reporting agencies. He has a private right of action.

Under § 1681s-2(b), the plaintiff must show "that the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed." *Redhead*, 2002 WL 31106934, at *5; *see Josey v. Sallie Mae, Inc.*, No. 09-CV-4403, 2009 WL 2518643, at *7 (S.D.N.Y. Aug. 17, 2009); *Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008). Clarke alleges that, under the FCRA, Defendants Trans Union, Equifax, and Experian are "consumer reporting agencies."[3] Compl. ¶¶ 51, 53, 55. LVNV does not dispute this. *See* Def.'s Mem. at 4.

In Counts One and Two, Clarke further alleges that LVNV violated multiple provisions of the FCRA relating to the investigative and reporting duties of a furnisher of credit

---

[3] FCRA defines "consumer reporting agency" as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681(a).

7

information. In particular, Clarke alleges that, after receiving notice of disputed information from the three defendant credit reporting agencies, LVNV:

> [C]ontinued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff...failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff...failed to review all relevant and pertinent information provided to it by the consumer reporting agencies...[and] failed to acknowledge and respond with truthful information in response to plaintiff's disputes and to advise the consumer reporting agencies of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about plaintiff.

Compl. ¶¶ 69-70.

Clarke further alleges that he "consistently informed [LVNV] both orally and in writing that he disputes the false account, that he never had such an account, and that the alleged false account is not his" (*Id.* ¶ 16), and that "[LVNV] received notice of [Clarke's] dispute from [Clarke] and from the consumer reporting agencies" (*Id.* ¶ 79). Clarke asserts that LVNV both willfully and negligently failed to comply with the requirements of § 1681s-2(b). *Id.*

LVNV tries to pretend that Clarke's claims are brought pursuant to § 1681s-2(a), not § 1681s-2(b), arguing that Clarke's claims are brought pursuant to Section § 1681s-2(a) because only Clarke, not any consumer reporting agency, reported the dispute to LVNV. But LVNV's recharacterization of Clarke's claims fails in the face of Clarke's express allegation that he is proceeding under § 1681s-2(b). Additionally, Clarke alleges that the defendant consumer reporting agencies gave LVNV notice of the disputed debt. Compl. ¶ 79. LVNV admits as much in the papers it filed in support of the motion ("as evident in the ACDV[4] Responses,

---

[4] ACDV is an acronym for "automated consumer dispute verification." Credit reporting agencies review the information from a consumer's dispute and send an ACDV to creditors over a system called the E-OSCAR system. The documents that credit reporting agencies receive from the consumer are not sent to the creditors. The ACDV form contains areas for the credit reporting agencies to provide information describing the consumer's dispute. *See Gorman v. Experian Info. Solutions, Inc.*, No. 07-CV-1846, 2008 WL 4934047, at *2 (S.D.N.Y. Nov. 19, 2008).

8

LVNV did respond to the dispute notifications sent by the credit bureaus regarding Plaintiff's debt."). Def.'s Mem. at 6.

LVNV further argues that Clarke's FCRA claims fail because LVNV responded to dispute notices from the credit bureaus and reported the debt as disputed to the credit bureaus. Def.'s Mem. at 4. This argument is also without merit.

In support of its argument, LVNV submitted a Declaration of Theresa L. Concepcion ("Concepcion Decl."), an attorney representing LVNV in this lawsuit.

Attached to the Concepcion Decl. is "a true and correct copy of ACDV Response No. 31829886900404001" ("Exhibit A"), which is alleged to be "LVNV's response to the dispute inquiry from the credit bureaus" and reports "the consumer's debt…as disputed." Concepcion Decl. ¶ 3. Also attached to the Concepcion Decl., is "a true and correct copy of ACDV Response No. 999922249033928030," ("Exhibit B") which is alleged to be, again, "LVNV's response to the dispute inquiry from the credit bureaus," and reports "the consumer's debt…as disputed." *Id.* ¶ 4.

Exhibit A contains a section titled "Dispute Information." *Id.*, Exhibit A. This section contains two subsections, one titled "Dispute Code 1" and the other "FCRA Relevant Information." *Id.* "Dispute Code 1" states "[b]elongs to another individual with same/similar name. Provide or confirm complete ID (including Social Security Number, Date of Birth, Generation Code, etc.)." *Id.* "FCRA Relevant Information" states "[c]onfused with son." *Id.*

Exhibit B contains the same information under "Dispute Code 1." Concepcion Decl., Exhibit B. However, under "FCRA Relevant Information," it states "CONSUMER DISPUTED ADDRESS 8779 166TH ST JAMAICA NY 11432." *Id.*

9

By submitting, and relying upon, the ACDVs, LVNV seeks to convert its motion to dismiss into a motion for summary judgment. In considering a motion to dismiss, the court generally must limit its analysis "to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "When only one party seeks to convert a motion to dismiss into a motion for summary judgment prior to discovery by offering additional exhibits and affidavits outside the pleadings, a court may simply disregard any such submissions and decide the motion to dismiss on the merits of the pleadings alone." *Access 4 All, Inc. v. Trump Intern. Hotel and Tower Condominium*, 458 F. Supp. 2d 160, 165 (S.D.N.Y. 2006).

LVNV has submitted extrinsic evidence in support of a Rule 12(b)(6) motion. I will not convert that motion to dismiss into one for summary judgment where, as here, the parties have yet to engage in meaningful discovery.

Furthermore, were I inclined to convert LVNV's motion to dismiss into one for summary judgment, at this stage in the lawsuit, I would deny it. The ACDVs do not show that LVNV complied with all of the requirements of furnishers under § 1681s-2(b), because whether or not the ACDVs sufficiently demonstrate that LVNV complied with its FCRA duties is an issue of fact to be determined by the factfinder. *See Gorman v. Experian Info. Solutions, Inc.*, No. 07-CV-1846, 2008 WL 4934047, at *8 (S.D.N.Y. Nov. 19, 2008). Moreover, the ACDVs alone do not answer the question of whether LVNV "conducted a reasonable investigation with respect to the disputed information (*see* §1681s-2(b)(A); *Okacha v. HSBC Bank USA, N.A.*, 700 F. Supp. 369, 374 (S.D.N.Y. 2010)), "reviewed all relevant information provided by the consumer reporting agency" (§ 1681s-2(b)(B)), or "permanently block[ed] the reporting of that item of information" (§ 1681s-2(b)(E)(iii)). *See Dickman v. Verizon Comm., Inc.*, 876 F. Supp. 2d 166,

10

173-74 (E.D.N.Y. 2012). The ACDVs are evidence for trial, not for dismissal of Clarke's FCRA claims in favor of LVNV.

For the reasons discussed, LVNV's motion to dismiss Clarke's FCRA claims is denied.

## II. Clarke's FDCPA claims are dismissed for lack of standing.

In Count Seven, Clarke asserts claims against LVNV under FDCPA §§ 1692(d), (e)(2)(A), (e)(8), (e)(10), and (f). LVNV argues that Clarke does not have standing to assert his FDCPA claims. Def.'s Mem. at 8-9. LVNV is correct.

The FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) (citing 15 U.S.C. § 1692k). The FDCPA "was passed to protect consumers from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

The FDCPA forbids "debt collectors," from, in connection with the collection of a debt, *inter alia:* (1) engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person," 15 U.S.C. § 1692d, making a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, or (3) using "unfair or unconscionable means" to attempt to collect a debt, 15 U.S.C. § 1692f. *See Sykes v. Mel Harris and Assoc., LLC*, 757 F. Supp. 2d 413, 420-21 (S.D.N.Y. 2010).

To establish a violation under the FDCPA, "the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman &*

*Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010); *see Healy v. Jzanus Ltd.*, No. 02-CV-1061, 2002 WL 31654571, at *2 (E.D.N.Y. Nov. 20, 2002) (citing 15 U.S.C. § 1692(a)).

"Importantly, the Second Circuit in *Kropelnicki* held that a plaintiff cannot prevail in a claim under the FDCPA merely by showing that the communication from the debt collector conveying information about a debt was transmitted to just anybody." *Schuh*, 751 F. Supp. 2d at 548. "Rather, the plaintiff 'must first show that the [communication conveying information about the debt] was a communication *to* [*it*]'—that is, a communication to the debtor [it]self." *Id.* (citing *Kropelnicki*, 290 F.3d at 130 (emphasis in original)).

Clarke alleges that LVNV "violated [FDCPA] by reporting false and inaccurate credit information and attempting to collect a debt that it had no legal right to collect." Compl. ¶ 129. Clarke provides no further facts about LVNV's "attempt" to collect Clarke's debt. Instead, in Count Seven, Clarke simply recites the numerous elements of each of his FDCPA claims. For example, paragraph 125 of the Complaint states, "Violations of Section 1692e(8) communicating information which is known to be false," and paragraph 135 states, "Threatening to communicate to any person credit information that is incorrect representing that nonpayment of any debt." Clarke fails to plead that the false and inaccurate credit information was communicated directly to him, when or how it was communicated to him, or that he actually received any communications – at all – from LVNV.

Absent such allegations, Clarke lacks standing to bring FDCPA claims against LVNV. *See Kropelnicki*, 290 F.3d at 130; *Schuh*, 751 F. Supp. 2d at 548-49; *see also Shetiwy v. Midland Credit Mgmt.*, No. 12-CV-7068, 2014 WL 1257235, at *6, (S.D.N.Y. Mar. 26, 2014).

III. **Clarke's state common law claims for defamation and intentional and negligent infliction of emotional distress are preempted by FCRA.**

In Counts Eight and Nine, Clarke asserts state common law claims for defamation, and intentional and negligent infliction of emotional distress. Clarke alleges that LVNV recklessly, knowingly, or intentionally published, disseminated, or otherwise reported false, inaccurate, and derogatory information to credit reporting agencies. *See* Compl. ¶¶ 141-146.

LVNV argues that Clarke's state law claims are preempted by FCRA. LVNV is correct, and Clarke's state law claims are dismissed.

Section 1681t(b)(1)(F) of the FCRA states, in relevant part,

No requirement or prohibition may be imposed under the laws of any State—

(1) with respect to any subject matter regulated under—
...
(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies....

15 U.S.C. § 1681t(b)(1)(F). When a plaintiff acknowledges that his allegations of false reporting concern conduct regulated by FCRA § 1681s-2, section 1681t(b)(1)(F), "[r]ead literally," preempts state law claims for defamation and intentional and negligent infliction of emotional distress.[5] *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011).

Here, the conduct alleged as the basis for the defamation and intentional and negligent infliction of emotional distress claims asserted by Clarke is conduct regulated by FCRA § 1681s-2(b). *See* Part I *supra*. Clarke's common law claims in Counts Eight and Nine are based on LVNV providing inaccurate information about Clarke after receiving notice of disputed information from the defendant credit reporting agencies (Compl. ¶ 144, 158) — the same

---

[5] While Clarke correctly asserts that other federal courts have held that § 1681t(b)(1)(F) does not preempt state common law tort claims, *see* Pl.'s Mem. at 8, that is not the law in this Circuit. *See Macpherson*, 665 F.3d at 47.

conduct Clarke relies on to support his FCRA claims (Compl. ¶ 65-66). Thus, his common law claims fall squarely within the scope of the FCRA's preemption provision, and are dismissed. *See Macpherson*, 665 F.3d at 47.

IV. **Clarke's request for declaratory and injunctive relief is denied.**

In Count Ten, Clarke seeks two declaratory judgments. The first, though not a cause of action of the type of relief sought by Clarke because it is actually one for injunctive relief, is "an order commanding the defendants to reinvestigate and correct the credit reporting and other information maintained and published about plaintiff." Compl. ¶ 163. The second, is for a declaratory judgment, ordering that "[LVNV is] responsible for and shall indemnify" Clarke for his "costs, damages, and expenses, and including attorney's fees." *Id.* ¶ 164.

LVNV's motion to dismiss Count Ten is granted.

While the Second Circuit has not definitively ruled on this issue, a number of federal courts – including courts in this district – hold that neither FCRA nor FDCPA permits private parties to seek injunctive or declaratory relief. *See White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419, 421, n.12 (S.D.N.Y. 2005) (collecting cases); *In re Risk Mgmt. Alt., Inc., Fair Debt Collections Practices Litig.*, 208 F.R.D. 493, 503 (S.D.N.Y. 2002); *Goldberg v. Winston & Morrone, P.C.*, No. 95-CV-9282, 1997 WL 139526, at *3 (S.D.N.Y. Mar. 26, 1997); *see also Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 223, n.1 (2d Cir. 2012). Therefore, Clarke's request for injunctive and declaratory relief must be stricken.

Furthermore, even if FCRA or FDCPA permitted injunctive or declaratory relief, the relief Clarke seeks here would serve no "useful purpose" in the overall context of this litigation. *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010); *see Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entm't Corp.*, No. 08-CV-1558, 2009 WL 577916, at *11 (S.D.N.Y. Mar. 2, 2009). Clarke's entitlement to injunctive relief and

indemnification of any costs, damages, expenses and attorney's fees, turns on whether LVNV violated either the FCRA or the FDCPA. Thus, Clarke's Count Ten seeks resolution of factual and legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action. *See Intellectual Capital Partner v. Inst. Credit Partners LLC*, No. 08-CV-10580, 2009 WL 1974392, at *6 (S.D.N.Y. July 8, 2009) (citations omitted). Clarke's Count Ten is, therefore, duplicative in that it "seeks no relief that is not implicitly sought in the other causes of action." *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249-50 (S.D.N.Y. 2006).

## V. Clarke's request for leave to amend the Complaint is denied.

In his opposition papers, Clarke seeks leave to amend the Complaint if this Court grants LVNV's motion in whole or in part. Fed. R. Civ. P. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." In construing this rule, the Second Circuit "has indicated that where a plaintiff clearly has expressed a desire to amend, a lack of a formal motion is not a sufficient ground for a district court to dismiss without leave to amend." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).

However, "A counseled plaintiff is not necessarily entitled to [replead] whenever he has indicated a desire to amend his complaint." *Porat*, 464 F.3d at 276. "Indeed, the Second Circuit has repeatedly upheld a district court's decision to deny a plaintiff's informal request to amend its complaint when it failed to advise the district court of how an amendment would cure defects in the complaint." *In re Goldman Sachs Mortg. Servicing S'holder Derivative Litig.*, No. 11-CV-4544, 2012 WL 3293506, at *11 (S.D.N.Y. Aug. 14, 2012); *see Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 140 (2d Cir. 2011); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

Clarke, in his opposition papers, proclaims that this Court should afford him "the opportunity to amend/modify/correct the Complaint in order to address any deficiencies the Court identifie[s] in the Order." Pl.'s Mem. at 6. Clarke fails to advise the Court how he intends to cure the defects of the Complaint. Instead, he opts for an all-encompassing request for leave to amend *any possible deficiency* the Court finds in his Complaint. This is not a sufficient basis to grant leave to amend, especially where amendment will prove futile if Clarke cannot allege that LVNV sent offending communications to him, rather than to the credit reporting agencies (any attempt to allege new state law claims would also be futile). His request is therefore, denied.

## CONCLUSION

For the foregoing reasons, LVNV's motion to dismiss is granted in part and denied in part. The Clerk of the Court is directed to remove Docket No. 26 from the Court's list of pending motions.

Dated: November 3, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL