UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK
_____

**RALSTON CLARKE**

        Plaintiff,

   -against-

**TRANS UNION, LLC .,**
**EXPERIAN INFORMATION SOLUTIONS, INC.**
**EQUIFAX INFORMATION SERVICES, LLC.**
**HSBC BANK, N.A.**
**BANK OF AMERICA**
**LVNV FUNDING, LLC**
**MIDLAND FUNDING, LLC**
**SEARS A/K/A CITIBANK CBNA**
**SHELL A/K/A CBNA**
**VERIZON WIRELESS**

        Defendant(s)
_____

Civil Action No.: 13-cv-2991 (CM)

**MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 1.4, Osita Emmanuel Okocha, Esq., moves this Court for an order granting permission to him to withdraw as Counsel to Plaintiff, Ralston Clarke. Counsel requests, that the permission of the Court to file the proposed Declarations under seal. **That Counsel requests for a Conference with all the parties and including Plaintiff, Ralston Clarke in attendance.**

Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position,

1

if any, on the calendar.

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar."

The relationship between Client and Counsel has deteriorated to such a level that we are unable to communicate effectively and/or renders the representation difficult. Callahan v Consolidated Edison Co. of New York, Inc., No. 00 civ. 6542 (LAK)(KNF), 2002 WL 1424593, *1 (S.D.N.Y. July 1, 2002). This basis alone is sufficient to permit withdrawal. In addition, Rule 1.16(c )(7) of the New York Rules of Professional Conduct expressly authorizes withdrawal when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively"

An order permitting the withdrawal of counsel of record may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal …" S.D.N.Y. local Rule 1.4. Here, such satisfactory reasons plainly exist and withdrawal should be permitted.

**ARGUMENT**

**The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney Of Record By Order Of Court**

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ."  The New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16.

**Irreconcilable Differences With Client Further Warrants Withdrawal of Counsel**

Under Rule1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which

the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

"[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson,* 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

Withdrawal has been permitted where "an irreconcilable conflict developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1  (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum &*

3

*Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14- 16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

The communications with the Plaintiff has made it clear that there has been a significant erosion of the attorney-client relationship. Accordingly, Plaintiff's action has seriously impaired Counsel's ability to effectively represent him. For all the foregoing reasons, including the matters set forth in the proposed Plaintiff and Counsel Declarations, Counsel respectfully urges that it be permitted to file the proposed Declarations under seal and that upon review, that the Court grant the Motion of to withdraw as counsel for the Plaintiff in this matter.

**WHEREFORE**, respectfully, the undersigned moves this Court to grant Counsel permission and leave to withdraw as attorney of record for the Plaintiff, Jennie Romeo.

Dated: New York, New York
      March 12, 2015

                              Respectfully submitted,

                              /s/ Osita E. Okocha

                          By: _____
                              OSITA EMMANUEL OKOCHA

LAW OFFICES OF OSITA OKOCHA, P.C.
88-14 Sutphin Blvd, 2nd Floor
Jamaica, NY 11435
Tel: (718) 297-1450
Tel: (212) 709-8143
E-mail: LAWOSSY@aol.com