**RECEIVED**
MAR 24 2015
CHAMBERS OF
ANDREW J. PECK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/25/15

**JONES DAY**

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-3602
CJLOPATA@JONESDAY.COM

026123-058859

March 24, 2015

*The Court will consider all discovery issues at the April 1, 2015 conference. Each side should explain their position in a short letter by March 30, 2015.*

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

Copies by ECF to:
All Counsel
Judge McMahon

BY ECF & HAND-DELIVERY

The Honorable Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Re: *Clarke v. Trans Union, et al.*, Case No. 1:13-cv-2991-CM-AJP (S.D.N.Y.)
Request for Pre-Motion Conference on April 1, 2015 at 10:30 a.m.

Dear Judge Peck:

This letter requests a pre-motion conference concerning plaintiff's refusal to respond to discovery served by Experian and other defendants. Earlier today, the Court granted the motion of Osita Okocha to withdraw as counsel for plaintiff, and set a status conference for April 1, 2015 at 10:30 a.m. Defendants request that the status conference also serve as a pre-motion conference since defendants continue to be prejudiced in their abilities to prepare defenses due to plaintiff's refusal to fulfill his discovery obligations.

This letter is submitted on behalf of defendant Experian Information Solutions, Inc. ("Experian"), represented by the undersigned law firm, as well as Equifax Information Services LLC ("Equifax") and LVNV Funding, LLC ("LVNV"). Defendant Trans Union, LLC ("Trans Union") joins in the request for terminating sanctions. Defendant Verizon Wireless Services, LLC, which appears to have been served earlier this month (ECF No. 71), has not yet appeared in this action and did not participate in the preparation of this letter.

Defendants request a pre-motion conference in anticipation of a motion for terminating sanctions, or in the alternative, a motion holding all discovery objections waived, and compelling plaintiff to produce complete discovery responses and initial disclosures.

Procedural Background: Despite carrying a 2013 index number, no discovery has occurred in this case because the matter was dismissed in its entirety in 2013 and was not reopened until late 2014. ECF No. 40. As Judge McMahon ruled shortly after the case was reopened, "the parties have yet to engage in meaningful discovery." ECF No. 47, at 10.

Defendants recently requested a stay of discovery and all other deadlines pending resolution of the withdrawal motion by Mr. Okocha. ECF No. 69. Judge McMahon denied the

NYI-524647923

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Andrew J. Peck
March 24, 2015
Page 2

request on Mar. 19, 2015, indicating that she would revisit deadlines after Your Honor ruled on the counsel issue. ECF No. 70.

At the Initial Pretrial Conference on Jan. 30, 2015, Judge McMahon established an expedited schedule for discovery, setting Feb. 20, 2015 as the deadline to serve written discovery, and Apr. 17, 2015 as the deadline for conclusion of depositions. ECF Minute Entry, Feb. 5, 2015.

Plaintiff's Refusal to Comply with Discovery Obligations: Plaintiff never served initial disclosures under Fed. R. Civ. P. 26(a)(1). Plaintiff failed to respond on Mar. 9, 2015 to Experian's document requests, interrogatories, and requests for admission, all of which were served on Feb. 4, 2015. Plaintiff has refused to identify third-party record keepers and execute authorizations for release of records from those entities. See Ex. A (Mar. 10, 2015 letter to Okocha). Plaintiff has refused to provide contact information for his son, a third-party witness who is referenced in the complaint and who will likely need to be subpoenaed outside the United States using letters rogatory or other means.

During a meet-and-confer phone call on Mar. 11, 2015, in which both counsel for plaintiff and plaintiff participated, it was confirmed that plaintiff was refusing to provide responses to Experian's discovery in a timely fashion as required under the Federal Rules of Civil Procedure. Plaintiff's counsel stated that plaintiff was not willing to agree that he would respond to Experian's discovery, and that if plaintiff did ultimately respond, plaintiff was unwilling to commit to a date that he would respond. See Ex. B (Mar. 12, 2015 email to Okocha).

Plaintiff has similarly not responded to the discovery requests served by the other defendants, though the dates of service vary for each defendant. Yesterday, on Mar. 23, 2015, immediately prior to his withdrawal, plaintiff's counsel emailed defense counsel with a PDF containing about 50 pages of materials, almost entirely unrelated to Experian, which he asserted he was "able to locate." See Ex. C (Mar. 23, 2015 email from Okocha). The PDF, which contains multiple duplicates of documents, does not constitute anything close to a good faith or complete response to defendants' document demands and other discovery requests.

Plaintiff's refusal to respond to formal discovery is not the first instance of plaintiff's refusal to participate in the discovery process. After the case was reopened in 2014, counsel for plaintiff did not respond to phone calls and emails from Experian and other defense counsel seeking to begin the pretrial discovery process. Overnight mail parcels to the address of record for plaintiff's counsel were returned as undeliverable. See ECF No. 51 (Jan. 22, 2015 status report from defendants to Judge McMahon). It was not until Judge McMahon ordered the parties

NYI-524647923

JONES DAY

The Honorable Andrew J. Peck
March 24, 2015
Page 3

to provide a status report that plaintiff's counsel began responding to phone calls from Experian and other defense counsel.

     Plaintiff Should Be Sanctioned for Discovery Abuse: Defendants request permission to proceed with drafting a motion for terminating sanctions, or in the alternative, a motion sanctioning plaintiff by holding all discovery objections waived, and compelling plaintiff to produce complete discovery responses and initial disclosures.

     Plaintiff's pattern of discovery abuse and intentional refusal to respond to discovery continues to jeopardize defendants' abilities to prepare defenses in this case. Defendants cannot gather discovery in plaintiffs' possession, custody or control, or even identify third parties to be named by plaintiff who may possess evidence that defendants would use at trial. See Shannon v. General Electric, 186 F.3d 186, 195 (2d Cir. 1999) (prejudice may be presumed from failure to provide discovery because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult").

     Severe sanctions, including terminating sanctions, are permissible when a party like plaintiff refuses to engage in discovery. See, e.g., Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 (2d Cir. 1979) (imposing severe sanctions where the plaintiff willfully failed to comply with discovery obligations); Handwerker v. AT&T Corp., 211 F.R.D. 203 (S.D.N.Y. 2002) (dismissing case under Fed. R. Civ. P. 37 for discovery misconduct); see also Martin v. Metropolitan Museum of Art, 158 F.R.D. 289 (S.D.N.Y. 1994) (recommendation, which was adopted in full, to involuntary dismiss under Fed. R. Civ. P. 37 and 41 for failure to prosecute and failure to comply with court orders to provide discovery).

     The prejudice to defendants is especially acute given the abbreviated pretrial discovery deadlines. For example, plaintiff's deposition had been noticed for next Friday, Apr. 3, 2015 (with all depositions to conclude by Apr. 17, 2015) on the assumption that plaintiff was to have completely responded to discovery earlier this month. Defendants will be prejudiced if they are required to proceed with the deposition of plaintiff without the benefit of discovery from plaintiff and third-party record keepers. Defendants are also uncertain whether the deposition should proceed given the withdrawal of Mr. Okocha, or whether plaintiff will need additional time to secure new counsel.

     Similarly, defendants anticipate that it will likely take months to collect third-party records through authorizations and subpoenas, once authorizations are provided and third-party entities are identified. Serving plaintiff's son, who likely resides outside the United States, may take several months or longer. For these reasons, Experian and defendants have been attempting to obtain discovery through formal and informal means since the case was reopened last year.

NYI-524647923

**JONES DAY**

The Honorable Andrew J. Peck
March 24, 2015
Page 4

   With the withdrawal of Mr. Okocha, defendants recognize that the root of the discovery abuse may reside with plaintiff as opposed to plaintiff's counsel. Regardless of where the fault lies, and regardless of plaintiff's new status as a pro se litigant, the prejudice to defendants remains the same. Therefore, defendants request permission to draft and file a discovery motion seeking sanctions against plaintiff.

             Respectfully submitted,

             /s/  Chris J. Lopata

             Chris J. Lopata (CL-3260)

<u>Copies to:</u>
Mr. Ralston Clarke (plaintiff) (by first-class mail)
Justin T. Walton, Esq. (counsel for Trans Union) (by ECF)
Christina Marie Conroy, Esq. (counsel for Equifax) (by ECF)
Concepcion A. Montoya, Esq. (counsel for LVNV Funding) (by ECF)
Theresa Concepcion, Esq. (counsel for LVNV Funding) (by ECF)

NYI-524647923