UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALSTON CLARKE,<br><br>        Plaintiff,<br><br>against<br><br>TRANS UNION, LLC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., HSBC BANK, N.A., BANK OF AMERICA, LVNV FUNDING, LLC, MIDLAND FUNDING LLC, SEARS A/K/A CITIBANK CBNA, SHELL AKA CBNA, VERIZON WIRELESS,<br><br>        Defendants. | Civil Action No. 13-cv-02991 (CM) (AJP) |

**MEMORANDUM OF LAW IN SUPPORT OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS' MOTION TO DISMISS**

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (fax)

Attorneys for Defendant
Cellco Partnership d/b/a Verizon Wireless

*Of Counsel and on the Brief:*
   Shevani Jaisingh

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 2 |
| I. VERIZON WIRELESS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED, WITHOUT GOOD CAUSE, TO SERVE IT WITHIN 120 DAYS OF FILING HIS COMPLAINT | 2 |
| CONCLUSION | 3 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burda Media, Inc. v. Viertel,*
   417 F.3d 292 (2d Cir.2005) ............................................................................................2

*Smith v. Bray,*
   No. 13-CV-07172-NSR-LMS, 2014 WL 5823073 (S.D.N.Y. Nov. 10, 2014) ..............2

*Spinale v. United States,*
   No. 03 Civ. 1704, 2005 WL 659150 (S.D.N.Y. Mar. 16, 2005), *aff'd,* 352 F. App'x 599 (2d Cir.2009) ............................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 4 .........................................................................................................................2

Fed. R. Civ. P. 4(m) ..........................................................................................................1, 2, 3

Fed. R. Civ. P. 12(b)(5) ....................................................................................................1, 2, 3

Defendant Cellco Partnership d/b/a Verizon Wireless (improperly pled as Verizon Wireless) ("Verizon Wireless") respectfully submits this memorandum of law in support of its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5).

## PRELIMINARY STATEMENT

Verizon Wireless should be dismissed from this action for insufficient service of process. Although Plaintiff filed his complaint on May 3, 2013, and commenced prosecuting his claim against other defendants, he did not serve his complaint on Verizon Wireless until March 5, 2015 – one year and ten months after he filed his complaint – and well beyond the 120 day time limit for plaintiffs to serve a complaint pursuant to Fed. R. Civ. P. 4(m). Furthermore, as Plaintiff did not attempt to serve Verizon Wireless earlier or request an extension, and as Verizon Wireless has not in any way evaded service, Plaintiff cannot demonstrate good cause for this inexcusable delay. Thus, Verizon Wireless's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) should be granted.

## STATEMENT OF FACTS

On May 3, 2013, Plaintiff filed his complaint, and summonses were issued to all Defendants, including Verizon Wireless. DE 1. Thereafter, activity in this lawsuit commenced, with Defendants Trans Union LC, Midland Funding, LLC, Experian Information Solutions Inc., ("Experian") and Equifax Credit Information Services LLC answering the complaint and Defendant LVNV Funding LLC filing a motion to dismiss. DE 14, 16, 19, 26, 31. Plaintiff also settled his case against Defendant Bank of America. DE 40. Additionally, Experian requested a magistrate judge be assigned to this case due to a discovery dispute with Plaintiff. DE 66.

1

Plaintiff did not serve Verizon Wireless until March 5, 2015. DE 71. At no time prior to this date did Plaintiff seek an extension of time to serve Verizon Wireless or indicate to the Court that he had trouble serving Verizon Wireless.

## ARGUMENT

### I. VERIZON WIRELESS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED, WITHOUT GOOD CAUSE, TO SERVE IT WITHIN 120 DAYS OF FILING HIS COMPLAINT

Where, as here, a defendant "moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir.2005).

Fed. R. Civ. P. 4 provides:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When assessing whether a plaintiff has good cause for failing to timely serve a complaint, courts primarily consider the plaintiff's reason for his or her failure to serve. *Smith v. Bray*, No. 13-CV-07172-NSR-LMS, 2014 WL 5823073, *4 (S.D.N.Y. Nov. 10, 2014) (citing *Gordon v. Hunt*, 116 F.R.D. 313, 320–21 (S.D.N.Y.1987)). "[A] plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Spinale v. United States*, No. 03 Civ. 1704, 2005 WL 659150, *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x 599 (2d Cir.2009). Accordingly, "inadvertence, mistake or neglect does not constitute good cause for an extension." *Smith*, 2014 WL 5823073 at *4.

Here, Plaintiff clearly served Verizon Wireless his complaint well after the 120-day deadline of September 2, 2013 pursuant to Rule 4(m). Indeed, as Plaintiff filed his complaint on May 3, 2013 and did not serve Verizon Wireless until March 5, 2015, he did not serve his

complaint until 22 months later. Thus, Plaintiff cannot meet his burden to demonstrate that service on Verizon Wireless was adequate.

Furthermore, Plaintiff lacks the requisite good cause to explain his failure to timely serve Verizon Wireless. There is no indication that Plaintiff sought an extension for his time to serve Verizon Wireless, that Plaintiff previously attempted to serve Verizon Wireless but had trouble doing so, or that any circumstances beyond Plaintiff's control existed to prevent service on Verizon Wireless. And, Verizon Wireless did nothing to attempt to evade service.

Additionally, between the filing of his complaint on May 3, 2013 and the present (almost two years), this matter has been active, with other Defendants answering, moving to dismiss and settling, and discovery disputes arising. This activity demonstrates that Plaintiff has been otherwise involved in his action.

Because Plaintiff cannot demonstrate good cause for his failure to serve his complaint within the time prescribed by Rule 4(m), he should not be afforded additional time to serve Verizon Wireless, and Verizon Wireless should be dismissed from this matter.

## CONCLUSION

For the foregoing reasons, Verizon Wireless respectfully requests that this Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

Dated: New York, New York
March 26, 2015

> GREENBERG TRAURIG, LLP
>
> By: /s/ Shevani Jaisingh
>     Shevani Jaisingh
> 200 Park Avenue
> New York, New York 10166
> (212) 801-9200
>
> Attorneys for Defendant
> Cellco Partnership d/b/a Verizon Wireless